UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
BSD CHERYL MF LLC,

                              Plaintiff,

     - against -

U.S. BANK NATIONAL ASSOCIATION,

                             Defendant.
----------------------------------------------------------------------x

**OPINION & ORDER ON
MOTION FOR SUMMARY
JUDGMENT**

No. 19-CV-7132 (CS)

Appearances:

Jeremy Rosenberg
The Law Office of Jeremy Rosenberg
Chestnut Ridge, New York
*Counsel for Plaintiff*

Seibel, J.

     Before the Court is the unopposed motion for summary judgment of Plaintiff BSD Cheryl

MF LLC ("BSD").  (ECF No. 61 ("BSD's Motion").)  For the following reasons, BSD's Motion

is GRANTED.

## I.    <u>BACKGROUND</u>

The following facts are based on BSD's Local Civil Rule ("LR") 56.1 Statement, (ECF No. 61-11 ("P's 56.1 Stmt.")),[1] and the supporting materials, and are undisputed.[2]

BSD is the successor in interest of the Estate of Jean Sanon.  (ECF No. 61-1 ("Rosenberg Decl.") ¶ 1.)  In March 2005, Sanon executed and delivered a note for $446,500.00 to Argent Mortgage Company, LLC ("Argent").  (P's 56.1 Stmt. ¶ 1.)  The note was secured by a mortgage, which was recorded in the Rockland County Clerk's Office, on a residential property at 25 N. Cheryl Street, Chestnut Ridge, New York ("the Property").  (*Id.* ¶¶ 1, 7; Rosenberg Decl. ¶ 2.)  In 2008, Argent assigned the note to U.S. Bank.  (P's 56.1 Stmt. ¶ 1.)

---

[1] The only evidence cited in support of Plaintiff's 56.1 Statement is the declaration of Plaintiff's counsel.  (*See* P's 56.1 Stmt.)  Ordinarily, "[a]n attorney's affidavit not based on personal knowledge is an impermissible substitute for the personal knowledge of a party." *Carnrite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439, 449 (W.D.N.Y. 1997); *see United States v. Bosurgi*, 530 F.2d 1105, 1112 (2d Cir. 1976).  Because the affidavit consists mostly of a recitation of prior court proceedings, however, most of it is likely within counsel's personal knowledge. Plaintiff also submitted a declaration of BSD's managing member, in which he declares under penalty of perjury that he has "personal knowledge of all matters set forth herein" and that BSD "expressly adopts and incorporates by reference herein, all the contentions and assertions contained in the Rosenberg Declaration as if such contentions and assertions were expressly set forth herein."  (ECF No. 61-10 ("Flohr Decl.").)  Accordingly, each citation to Plaintiff's 56.1 Statement and to the Rosenberg Declaration in this Opinion also refers to the Flohr Declaration, which affirms that BSD has personal knowledge of all facts set forth in the Rosenberg Declaration and reiterated in Plaintiff's 56.1 Statement.

[2] Defendant U.S. Bank National Association ("U.S. Bank") did not oppose the motion, and therefore did not file a responsive 56.1 Statement.  LR 56.1 provides that a party opposing a motion for summary judgment must submit a counterstatement controverting the moving party's statement of material facts, indicating which facts are in dispute that would require a trial.  LR 56.1(b).  Under the Local Rule, "[i]f the opposing party . . . fails to controvert a fact . . . set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted." *Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003) (citing LR 56.1(c)).  I thus consider any properly supported facts in Plaintiff's 56.1 Statement admitted.  *See Vance v. Venettozzi*, No. 18-CV-748, 2021 WL 4145705, at *3 (N.D.N.Y. Sept. 13, 2021).  This is particularly appropriate here given the letter filed on February 17, 2020, (ECF No. 11), in which U.S. Bank expressly stated that it did not dispute the facts of this case as recounted by BSD in its pre-motion letter, (ECF No. 9), which mirror the facts set forth in the instant motion.

In January 2009, U.S. Bank initiated a foreclosure action in the New York Supreme Court, Rockland County, as a result of Sanon's failure to make the required monthly payments on the note. (*Id.* ¶ 2; Rosenberg Decl. ¶ 2.) To date, no payments have been made on the note since before the commencement of the foreclosure action. (P's 56.1 Stmt. ¶ 3.) Although Sanon failed to answer or otherwise appear in the foreclosure action, U.S. Bank took no action in the case until August 2015, when it petitioned the court for an order of reference in order to obtain a judgment of foreclosure on default. (Rosenberg Decl. ¶ 3; ECF No. 61-5 ("2015 Order").) The Rockland County Supreme Court denied U.S. Bank's application and dismissed the foreclosure action as abandoned under New York Civil Practice Law and Rules ("CPLR") § 3215(c), finding that U.S. Bank had failed to show a reasonable excuse for its failure to prosecute Sanon's default for six and a half years. (2015 Order; P's 56.1 Stmt. ¶ 5; Rosenberg Decl. ¶ 3.)

In January 2016, U.S. Bank filed a motion to vacate that decision and to restore the foreclosure action to the court's active calendar. (Rosenberg Decl. ¶ 4; ECF No. 61-6 ("2016 Order").) The court denied the motion in November 2016, finding that U.S. Bank "simply did not demonstrate the absence of intent to abandon the matter." (2016 Order; *see* Rosenberg Decl. ¶ 4.) In January 2018, U.S. Bank filed a motion for renewal pursuant to CPLR § 2221(a) and (e), which the court denied in December 2018. (Rosenberg Decl. ¶ 5; ECF No. 61-7 ("2018 Order").)

On April 3, 2019, BSD filed a complaint in the Rockland County Supreme Court seeking to cancel and discharge the mortgage on statute of limitations grounds pursuant to Article 15 of the New York Real Property Actions and Proceedings Law ("RPAPL"). (ECF No. 1-1 ("Compl.").) On July 30, 2019, U.S. Bank removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (ECF No. 1 at 1.) U.S. Bank filed an Answer on August 7, 2019,

3

(ECF No. 4), and on September 5, 2019, the Court held an initial conference and issued a scheduling order, (*see* Minute Entry dated Sept. 5, 2019; ECF No. 7).

On February 10, 2020, BSD filed a letter seeking a conference in anticipation of its motion to dismiss.  (ECF No. 9.)  On February 17, 2020, however, U.S. Bank again moved the Rockland County Supreme Court to vacate the 2015 dismissal of the 2009 foreclosure action. (ECF No. 61-8 ("2022 Order"); *see* P's 56.1 Stmt. ¶ 6.)[3]  In that motion, U.S. Bank argued that the court was divested of jurisdiction upon Sanon's death in July 2012, and that the 2015, 2016 and 2018 Orders were thus void.  (Rosenberg Decl. ¶ 6; 2022 Order at 2.)  That same day, in response to BSD's pre-motion letter in this case, U.S. Bank filed a letter in which it noted that it "d[id] not dispute the background facts as set forth in BSD Cheryl's request for a pre-motion conference," but argued that Plaintiff's letter failed to provide relevant details regarding Sanon's death and explained that U.S. Bank had again moved to vacate the dismissal of the state foreclosure action.  (ECF No. 11.)  The Court held a pre-motion conference on February 24, 2020, during which it directed the parties to submit a joint letter regarding the status of the state court action by April 30, 2020.  (*See* Minute Entry dated Feb. 24, 2020.)  Thereafter, the Court required the parties to continue to keep it apprised of the status of the state court action and declined to set a briefing schedule for the instant motion until the state court action was resolved. (*See* ECF Nos. 16-52.)

On September 27, 2022, the Rockland County Supreme Court denied U.S. Bank's motion, noting that Sanon's death occurred years after U.S. Bank's deadline for seeking a default judgment and thus did not affect the merits of the prior orders as a matter of law.  (2022 Order;

---

[3] BSD states that this motion was filed "[i]n or about February 2022," (P's 56.1 Stmt. ¶ 6), but it is clear from context and from the 2022 Order that the motion was filed in February 2020, (*see* 2022 Order).

P's 56.1 Stmt. ¶ 6.)  U.S. Bank appealed to the Appellate Division, Second Department, which affirmed the 2022 Order on May 7, 2025.  (ECF No. 61-9; P's 56.1 Stmt. ¶ 7.)

On September 30, 2025, BSD filed the instant motion, which U.S. Bank did not oppose.

## II.    <u>LEGAL STANDARD</u>

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as matter of law."  Fed. R. Civ. P. 56(a).  "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law . . . .  Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.*  On a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Id.* at 255.

The movant bears the initial burden of demonstrating "the absence of a genuine issue of material fact," and, if satisfied, the burden then shifts to the non-movant to "present evidence sufficient to satisfy every element of the claim."  *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008).  "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]."  *Anderson*, 477 U.S. at 252.  Moreover, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1). Where a declaration is used to support or oppose the motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." *Id.* 56(c)(4); *see Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008). In the event that "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and support materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

Federal Rule of Civil Procedure 56 "does not allow district courts to automatically grant summary judgment on a claim simply because the summary judgment motion . . . is unopposed." *Chinese Am. Citizens All. Greater N.Y. v. N.Y.C. Dep't of Educ.*, 802 F. Supp. 3d 483, 533 (S.D.N.Y. 2025); *see Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014). "Before granting an unopposed summary judgment motion, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." *Eloise Holdings, LLC v. Mt. Hawley Ins. Co.*, No. 23-CV-7513, 2025 WL 764374, at *4 (S.D.N.Y. Mar. 11, 2025); *see Jackson*, 766 F.3d at 194. And "[a]lthough the failure to respond may allow the district court to accept the movant's factual assertions as true, the moving party must still establish that the undisputed facts

6

entitle him to a judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004).[4]

## III.   DISCUSSION

BSD argues that Defendant U.S. Bank is time-barred from foreclosing on the mortgage or from seeking to enforce the terms of the mortgage.  (Rosenberg Decl. ¶ 20.)  Accordingly, BSD seeks an order "expunging, canceling and otherwise discharging" the mortgage.  (*Id.*)

RPAPL § 1501(4) permits any party with an interest in real property to "secure the cancellation and discharge of" a mortgage where the statute of limitations on foreclosure actions has expired.  To discharge a mortgage under § 1501(4), a party must show:  "1) that it has an estate or interest in the real property; 2) that all necessary parties to the action were joined; and 3) that the applicable statute of limitations for commencing a foreclosure action has expired without the commencement of a foreclosure action." *53rd St., LLC v. U.S. Bank Nat'l Ass'n*, 8 F.4th 74, 78 (2d Cir. 2021); *see Singer v. Fed. Nat'l Mortg. Ass'n*, No. 19-CV-5992, 2022 WL 5084785, at *5 (E.D.N.Y. Aug. 11, 2022), *report and recommendation adopted*, 2022 WL 5113373 (E.D.N.Y. Oct. 4, 2022).  The third element is deemed met where the mortgagee commences a foreclosure action within the limitations period, but that action is dismissed by the court and the mortgagee fails to commence a new action within the limitations period.  *See, e.g., Assets Recovery 23, LLC v. Gasper*, No. 19-CV-2628, 2026 WL 865837, at *6 (E.D.N.Y. Mar. 30, 2026); *Singer*, 2022 WL 5084785, at *2, 8-9, 11-12; *Brennan v. Deutsche Bank Tr. Co. Americas*, 237 A.D.3d 1027, 1029 (App. Div. 2d Dep't 2025); *MSMJ Realty, LLC v. DLJ Mortg. Cap., Inc.*, 157 A.D.3d 885, 887 (App. Div. 2d Dep't 2018).

---

[4] Unless otherwise indicated, case quotations omit internal citations, quotation marks, alterations and footnotes.

7

As to the first element, the Rosenberg Declaration, which is substantiated by the Flohr Declaration, avers that BSD is the successor in interest of Sanon and the fee simple owner of the Property.  (Rosenberg Decl. ¶ 1.)  The Court also takes judicial notice of the publicly recorded deed by which Sanon's estate conveyed the Property to BSD, which was filed as an exhibit in the state foreclosure action.  *See* Exhibit Q to Affirmation in Support of Motion to Vacate and Substitute, *U.S. Bank Nat'l Ass'n v. Jean Sanon*, Index No. 030452/2022 (N.Y. Sup. Ct. Rockland Cnty. Apr. 28, 2022), Dkt. No. 13; *see also Ank Bey El v. CitiMortgage, Inc.*, No. 25-CV-2317, 2025 WL 3552702, at *1-2 (E.D.N.Y. Dec. 11, 2025) (taking judicial notice of documents filed in state court foreclosure proceedings); *Flatiron Acquisition Vehicle, LLC v. CSE Mortg. LLC*, No. 17-CV-8987, 2020 WL 832340, at *2 n.3 (S.D.N.Y. Feb. 20, 2020) (taking judicial notice of publicly filed deed).

As to the second element, the Rosenberg Declaration confirms that the judgment in this action will not affect any party "who by any contingency contained in a . . . devise or grant or otherwise could afterward become entitled to a beneficial estate or interest in the Property involved herein," (Rosenberg Decl. ¶ 19), and U.S. Bank has not contended, nor is there any other indication, that any necessary party was omitted.

Finally, as to the third element, the statute of limitations for a foreclosure action under New York law is six years.  N.Y. C.P.L.R. § 213(4); *see Windward Bora, LLC v. Sotomayor*, No. 21-CV-7161, 2023 WL 2575582, at *6 (S.D.N.Y. Mar. 20, 2023), *aff'd*, 113 F.4th 236 (2d Cir. 2024).  "With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due."  *Wilkins v. Specialized Loan Servicing, LLC*, 623 F. Supp. 3d 264, 272 (S.D.N.Y. 2022); *see 53rd St.*, 8 F.4th at 78.  But where, as here, the lender files a

8

foreclosure action and exercises its option to declare the entire amount of the mortgage due, that acceleration starts the statute of limitations on the full amount.  *Gasper*, 2026 WL 865837, at *6 (collecting cases).

In the complaint U.S. Bank filed in the 2009 foreclosure action, it expressly stated that it was "elect[ing] to declare immediately due and payable the entire unpaid balance of principal." (ECF No. 61-4 ¶ 10.)  This is sufficient to establish that the mortgage debt was validly accelerated, and thus the statute of limitations on the entire debt began to run in January 2009. *See Gasper*, 2026 WL 865837, at *6; *Singer*, 2022 WL 5084785, at *9.  Nor did U.S. Bank revoke this acceleration – indeed, it took no further action whatsoever until after the limitations period had run, at which point it unsuccessfully sought a default judgment and the Rockland County Supreme Court dismissed the foreclosure action.  (P's 56.1 Stmt. ¶ 5; Rosenberg Decl. ¶¶ 3, 21; 2015 Order.)  *See Singer*, 2022 WL 5084785, at *9 (dismissal of complaint in foreclosure action based on failure to meet court deadline did not invalidate or revoke acceleration of the mortgage); *U.S. Bank Tr., N.A. v. Adhami*, No. 18-CV-530, 2019 WL 486086, at *4 (E.D.N.Y. Feb. 6, 2019) (court's dismissal of foreclosure action does not revoke acceleration); *see also 1042 II Realty, Inc. v. PHH Mortg. Corp.*, 582 F. Supp. 3d 142, 151 (S.D.N.Y. 2022) ("[U]nder New York law, revocation of acceleration of a mortgage debt is only effective to stop the statute of limitations from running on the underlying debt if that revocation occurs prior to the expiration of the statute of limitations.").  Accordingly, the statute of limitations expired in January 2015, and BSD is entitled to cancel and discharge the mortgage pursuant to RPAPL § 1501(4).  *See 1042 II Realty*, 582 F. Supp. 3d at 151; *Singer*, 2022 WL 5084785, at *12.

IV.    **CONCLUSION**

For the foregoing reasons, BSD's Motion for summary judgment is GRANTED.  The

mortgage at issue in this matter, which encumbers the property located at 25 N. Cheryl Street,

Chestnut Ridge, New York and which has been assigned to Defendant U.S. Bank N.A., is

cancelled and discharged pursuant to RPAPL § 1501(4).  The Clerk of Court is respectfully

directed to terminate the pending motion, (ECF No. 61), enter judgment for Plaintiff, and close

the case.

**SO ORDERED.**

Dated:  April 17, 2026
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.